HELEN STAGMAN, trustee, vs. BERNARD GITLIN & others. March 29, 1977. The plaintiff's request for appellate review is expressly limited to the Superior Court's rejection of her claim, as the successor trustee of Peter Realty Trust (Peter), that Gitlin knowingly participated in a breach of trust when, in July of 1972, he accepted from Alexander Stagman (Stagman), as the then trustee of Peter, a fourth pledge of the mortgage note owned by Peter (as well as a pledge of the general credit of Peter) to secure the performance of the contract of January 25, 1972, by which Forstaborn Corporation (Forstaborn), Stagman as an individual, and Fortin had severally agreed with Gitlin to construct certain buildings on land owned by Gitlin. See *Loring* v. *Salisbury Mills*, 125 Mass. 138, 150-153 (1878); *Allen* v. *Puritan Trust Co.* 211 Mass. 409, 421 (1912); Restatement (Second) of Trusts § 297, comment m (1957). 1. The essential predicate of that claim is that Peter had no interest in either Forstaborn or the due performance of the construction contract at the time of its execution. The master made no express finding on that point. However, it is clear from his subsidiary findings that when the plaintiff, as the successor trustee, made her pre-action tender of $30,000 in an effort to redeem the same mortgage note from all the various pledges thereof which had been made by Stagman, she recognized the validity of the apparently related transaction by which "Stagman, as Trustee of Peter Realty Trust, and individually, and Fortin borrowed $8,000.00 additional" from Gitlin and his associates one day following the execution of the construction contract. Consistent with that particular transaction is an exhibit before the master (No. 23) which the plaintiff has gratuitously reproduced in her appendix and which indicates that Stagman endorsed over to Peter for deposit in its account a check for $1,000 that Gitlin drew to the order of Forstaborn approximately three weeks following the execution of the construction contract. The record contains no support whatsoever for the numerous assertions in the plaintiff's brief that the mortgage note was the sole asset of Peter. In our view the plaintiff has failed to establish the essential predicate of the only claim still pressed. 2. Nor is there anything in the record which would compel an inference that an investment of the assets of Peter in Forstaborn would have constituted a violation of any fiduciary duty Stagman owed to the beneficiaries of Peter.

*Judgment affirmed.*

The case was submitted on briefs. '
*David Lavien, Richard Pauling & Eliot Cohen* for the plaintiff.
*Russell H. Mann, Jr.,* for the defendants.